(72 South. 289)

No. 21461.

HANNA et al. v. HANNA.

(May 22, 1916. On Application for Rehearing, June 30, 1916.)

*(Syllabus by the Court.)*

PARTITION ☞87 — UNDIVIDED INTEREST OF MINOR.

A minor's undivided interest in land cannot be divested by charging him and his coheirs with its appraised value in an administrator's account, but the minor must collate in a partition for what he has received from the estate by reason of the homologation of such account.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 253; Dec. Dig. ☞87.]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Suit to partition by J. Stonewall Hanna and others against Cleo Hanna, a minor. From the judgment both parties appeal. Reversed, with directions, and rehearing denied.

H. W. Robinson, of New Orleans, for appellant Minor Cleo Hanna. McCloskey & Benedict, of New Orleans, for appellants J. Stonewall Hanna and others. Denegre, Leovy & Chaffe, of New Orleans, for Estate of John Hanna Hoerner.

LAND, J. This is a suit to partition eight lots of ground in the city of New Orleans, alleged in the petition and admitted in the answer, to belong to the five plaintiffs and the defendant minor, as "sole owners."

In the decree for the sale of the property, in order to effect a partition, the shares of the five plaintiffs in the proceeds of sale, and in the rents, of the property were fixed at 31/180 each, and the share of the defendant minor at 25/180. The eight lots sold for $18,000, and the rents to day of sale amounted to $5,454, making a total active mass of $23,454, which was reduced by costs and charges to $21,542.77.

These eight lots belonged to the community which formerly existed between John H. Hanna and his predeceased wife, the mother of the plaintiffs and the grandmother of the defendant.

The mother died intestate, and her surviving husband by operation of law became life usufructuary of her share of the community.

Of course the six children inherited equal shares in their mother's estate.

John H. Hanna left a last will and testament by which he gave the disposable portion of his estate as an extra portion to the plaintiffs leaving to the defendant minor only the portion reserved to her by law.

The notary public, in his projet of partition, proposed to distribute the net proceeds of the sale, and the amount of rents, in the proportion of 31/180 to each of the plaintiffs, and 25/180 to the defendant minor.

Plaintiffs opposed the homologation of the partition and the judgment, recognizing the shares of the heirs, on the ground that in the administration of the succession of John H. Hanna, a payment was made by the executor to the attorneys of the defendant minor, which included all her share in the half interest of her grandmother, Mrs. John H. Hanna, in the real estate now sought to be partitioned.

The tutrix of the minor, for answer to the opposition of the plaintiffs, showed that the payment to the minor was made by virtue of a judgment, which was final and acquiesced in by the parties, and constitutes res adjudicata, and that the issue raised by the opposition cannot be ingrafted on a partition of the price of real estate; and in the alternative, the defendant avers that if the judgment homologating the final account of administration of the succession of John A. Hanna may be reopened and re-examined, then defendant points out several alleged erroneous charges for commissions, attorney fees, etc., against said minor.

By the final judgment below the interest of the minor in the sums to be partitioned was reduced to 10/180 or $1,196.82.

The defendant and the plaintiffs have both appealed. The former complains of the reduction of her proportionate share in the partition. The latter complains of the allowance for rents.

The record shows that the minor received $30,087.52 in the settlement of her mother's succession. These figures were based in part on the inclusion of the appraised value of the community real estate. In other words, the succession of John A. Hanna was charged with $7,500, representing one-half of the value of said real estate, and the minor presumably received ⅙, or $1,250 as her part. This fact is practically admitted in defendant's brief. Counsel refer to the partition before Cousin, notary, of all the movables belonging to the succession of John A. Hanna, but the procés verbal of the officer shows that the real estate was deducted, and reserved for future partition.

Defendant, having received said sum of $1,250 as her share in her mother's half interest in the real estate, must account for

the same by taking less in the partition. Of course, the minor's title was not divested by the receipt of this money by her tutrix. Only six of the eight lots were included in the succession proceedings, which we have examined for the purpose of ascertaining the fact of a payment in advance of the partition of the property. It goes without saying that the probate orders and decrees in the succession of John A. Hanna cannot be attacked collaterally.

As to rents, the minor's father died in 1908, and John H. Hanna died in 1911, and it follows that the minor's father could not have been a party to the alleged agreement among the heirs of the latter as to the rents of the real estate.

It is proved by the testimony of three of the plaintiffs, and of the attorney for the succession of John W. Hanna, that all the major heirs agreed that Miss Elizabeth Lee Hanna should not be charged with rents as long as she remained in the family homestead. She was a joint owner of the premises, and we think that parol evidence was admissible to prove the said agreement with her co-owners, which affected merely the temporary use of the property.

If a lease for years can be proved by parol, why not a license or permit, to one joint owner to occupy the common premises free of rent?

Hence the rents of the homestead should not have figured in the partition, except as to the share therein of the defendant minor.

It is therefore ordered that the judgment below be reversed, and it is now ordered that the projet presented by E. M. Strafford, notary public, filed March 1, 1915, be amended so as to recognize the respective heirs as entitled to the following proportions in the distribution of the net assets of the property herein partitioned, to wit:

Cleo Hanna, $2,992.67, less $1,250.00 $1,742.67

The remainder of the net proceeds of the sale of the eight lots to be equally divided, share and share alike, between J. Stonewall Hanna, Richard J. Hanna, Robert Hanna, Miss Elizabeth Lee Hanna, and succession of John Hoerner.

It is further ordered that as hereinabove amended the said projet of partition be confirmed and homologated, and the proceeds be distributed accordingly.

It is further ordered that, except as herein decreed, all oppositions to said projet be dismissed, and that all costs be paid by the mass.

### On Application for Rehearing.

PROVOSTY, J. The decree in this case is recast so as to read as follows:

It is therefore ordered that the judgment below be reversed, and it is now ordered that the projet presented by E. M. Strafford, notary public, filed March 1, 1915, be amended so as to recognize the respective heirs as entitled to the following proportions in the distribution of the assets shown by said projet, to wit:

Cleo Hanna, $2,992.67, less $1,250.00 $1,742.67

The remainder of the said assets, less the amount therein set down as accruing from rents, to be equally divided, share and share alike, between J. Stonewall Hanna, Richard J. Hanna, Robert Hanna, Miss Elizabeth Lee Hanna, and succession of John Hoerner.

It is further ordered that as thus amended the said projet of partition be confirmed and homologated, and the said assets be distributed accordingly.

It is further ordered that, except as herein decreed, all oppositions to said projet be dismissed, and that all costs be paid by the mass.

Rehearing refused.